IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN MARCUS RUDEBUSH
and all others similarly situated,

                Plaintiff,

  v.

SCOTT WALKER, BRAD SCHIMEL,
JOHN CHISHOLM, KITTY RHODES,
STEPHEN KOPETSKIE, JASON CRAM,
BARB SCHACHERN, JON E. LITCHER,
DOUG BELLILE, and JASON SMITH,

                Defendants.

OPINION & ORDER

16-cv-527-jdp

---

Pro se plaintiff Damien Marcus Rudebush, a patient civilly committed at the Sand Ridge Secure Treatment Center under Wisconsin's sexually violent persons law, Wis. Stat. ch. 980, brings this civil complaint under 42 U.S.C. § 1983 alleging that chapter 980 is unconstitutional as applied to him and others like him who were committed because of offenses adjudicated under Wisconsin's juvenile justice system.

Rudebush's status as a chapter 980 patient means that he is not subject to the restrictions on prisoner litigation contained in the Prison Litigation Reform Act. However, because Rudebush is proceeding *in forma pauperis*, I must screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief can be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

After reviewing the complaint with these principles in mind, I conclude that the case must be dismissed without prejudice to Rudebush refiling it as a petition for writ of habeas corpus. Rudebush states that his chapter 980 confinement is based on a sexual assault offense adjudicated in Wisconsin's juvenile justice system rather than the adult system. He contends that his commitment is unconstitutional because the United States Supreme Court has already made clear that juvenile offenders must be treated differently than convicted adults, citing *Graham v. Florida*, 560 U.S. 48, 79-80 (2010) (Eighth Amendment prohibits sentences of life without parole for juveniles convicted of non-homicide offenses); and *Roper v. Simmons*, 543 U.S. 551, 568 (2005) (Eighth Amendment prohibits capital punishment for juveniles), and because social science research shows that juvenile sex offenders do not have the same recidivism rates as adult sex offenders.

Rudebush explicitly states that he "is not asking the court to order his release from civil confinement," Dkt. 1, at 5, but he asks this court to conclude that juvenile offenders' chapter 980 placements violate the constitution. Rudebush cannot bring claims for damages or declaratory relief where a judgment in his favor would implicitly question the validity of his chapter 980 commitment. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("respondent's claim for declaratory relief and money damages . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983); *Von Flowers v. Wisconsin Dep't of Health & Family Servs.*, 58 Fed. Appx. 649, 651 (7th Cir. 2003) (applying *Heck* to challenge of chapter 980 commitment).

Rudebush also asks for unspecified injunctive relief. Given his position that his commitment is unconstitutional, it is difficult to fathom what Rudebush thinks this court should order the state of Wisconsin to do, other than to order his release. This court cannot

2

vacate his commitment in this § 1983 lawsuit. The proper method to obtain this type of relief is for Rudebush to file a petition for writ of habeas corpus. I will not convert this case from a § 1983 action to a habeas action. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (per curiam) ("The district court was not authorized to convert a § 1983 action into a § 2254 action, a step that carries disadvantages (exhaustion and the certificate of appealability only two among many) for litigants. . . . It may be that as a § 1983 suit it is defective, but if so the proper step would have been to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) or grant summary judgment, rather than to 'convert' the case to an impossible or inappropriate alternative suit.").

I will dismiss this case without prejudice to Rudebush pursuing his claims via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rudebush should not construe anything in this order as an opinion on the potential merits of any habeas claim he might bring. I will also warn Rudebush that to pursue his claims via § 2254, he will have to demonstrate that his petition is timely and that he has complied with all applicable exhaustion requirements.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice.

2. The clerk of court is directed to close the case.

Entered September 20, 2016.

                                BY THE COURT:

                                /s/

                                _____
                                JAMES D. PETERSON
                                District Judge