IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN MARCUS RUDEBUSH
and all others similarly situated,

      Plaintiff,

 v.

SCOTT WALKER, BRAD SCHIMEL,
JOHN CHISHOLM, KITTY RHODES,
STEPHEN KOPETSKIE, JASON CRAM,
BARB SCHACHERN, JON E. LITCHER,
DOUG BELLILE, AND JASON SMITH,

      Defendants.

ORDER

16-cv-527-jdp

---

  Pro se plaintiff Damien Marcus Rudebush, a patient civilly committed at the Sand Ridge Secure Treatment Center under Wisconsin's sexually violent persons law, Wis. Stat. ch. 980, brought this case, alleging that chapter 980 is unconstitutional as applied to him and others like him who were committed because of offenses adjudicated under Wisconsin's juvenile justice system. (Rudebush was an adult by the time he was committed.) In a September 20, 2016 order, I dismissed the case as barred under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), and told Rudebush that he could refile it as a petition for writ of habeas corpus.

  In May 2017, Rudebush filed a motion for reconsideration of the dismissal that I will construe as a motion for relief from judgment under Federal Rule of Civil Procedure 60. Rule 60(b) provides for relief from "a final judgment, order, or proceeding" on many grounds, including mistake and "any other reason that justifies relief." "[R]elief under Rule 60(b) is proper only under extraordinary circumstances." *Hill v. Rios*, 722 F.3d 937, 938 (7th Cir. 2013).

In his motion, Rudebush states that *Heck* should not apply to his case. In support he presents a lengthy quoted passage from *Willis v. Palmer*, 175 F. Supp. 3d 1081 (N.D. Iowa 2016), a case in which the United States District Court for the Northern District of Iowa concluded that *Heck* did not bar a multi-plaintiff case challenging the constitutionality of Iowa's programming for the treatment of sex offenders who are civilly committed. Rudebush states that in his case he seeks "to challenge deep systemic problems in the way the [defendants] treat juvenile only sex offenders." Dkt. 8, at 6. But his complaint and motion for reconsideration make clear that he contends that it is unconstitutional for "juvenile only sex offenders" to be subject to the same commitment and supervised-release laws as persons who commit sex offences as adults. This is not, as in *Willis*, a challenge to the manner in which the sex-offender programming is executed; it is a challenge to the very fact of his continued confinement or the nature of the restrictions he faces upon release. Those are habeas-type questions that cannot be brought in this lawsuit. I will deny his motion for reconsideration.

ORDER

IT IS ORDERED that plaintiff Damien Marcus Rudebush's motion for reconsideration, Dkt. 8, is DENIED.

Entered January 17, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge